IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS TREUSCH, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>CENTER SQUARE SUPERMARKET, LLC, and UNITED FOODS & COMMERCIAL WORKERS UNION, LOCAL 152, <br><br>　　　　Defendants. | HON. JEROME B. SIMANDLE <br><br>Civil No. 11-4874 (JBS/JS) <br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, Chief Judge:

    This matter is before the Court on the motion of Defendant United Foods & Commercial Workers Union, Local 152 ("Local 152") to dismiss Plaintiff Thomas Treusch's complaint for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P.  [Docket Item 6.]  The Court finds as follows, accepting the facts plead in the complaint as true for purposes of this Rule 12(b)(6) motion:

    1.  Plaintiff Thomas Treusch ("Plaintiff") filed the instant action against Defendants Center Square Supermarket and Local 152 in the New Jersey Superior Court, Gloucester County.  Defendants timely removed the action to this Court pursuant to 28 U.S.C. § 1441(a) on the basis of federal question jurisdiction under 28 U.S.C. § 1331.  [Docket Item 1.]  Local 152 then filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  [Docket Item 6.]

2.   The instant action arises out of the Plaintiff's
discharge from employment by Defendant Center Square Supermarket
("Center Square").  The Complaint alleges that the Plaintiff
worked as a full-time produce clerk for Center Square from July
28, 2006 until his discharge on December 6, 2009.  (Compl. ¶ 4.)
Local 152 had a collective bargaining agreement with Center
Square which provided in part that its members, who were employed
at Center Square, could not be discharged from employment except
for just cause demonstrated by the employer.  (Compl. ¶ 6.)
Plaintiff was a member of Local 152 since July 28, 2006.  (Compl.
¶ 5.)  On November 29, 2009, one of Plaintiff's female co-workers
falsely accused the Plaintiff of sexual harassment.  (Compl. ¶
7.)  As a result of this false accusation, Plaintiff was
discharged from his employment with Center Square on December 6,
2009.  (Compl. ¶ 8.)  Despite the fact that Plaintiff was a
member in good standing with Local 152, the said union failed to
arbitrate the Plaintiff's matter, and it failed to adequately and
fairly represent Plaintiff in his dispute with his employer.
(Compl. ¶ 9.)  The Plaintiff alleges he was damaged by these
actions and inactions of the Defendants.  (Compl. ¶ 10.)

3.   The Plaintiff then filed the instant action, alleging
several claims, including that Local 152 breached its duty to
fairly and adequately represent the Plaintiff in the dispute he
had with his employer concerning his discharge from employment.

(Compl. ¶ 15.)

4.   Local 152 filed the instant motion pursuant to Fed. R. Civ. P. 12(b)(6) seeking to dismiss Count III.   Local 152 argues that the Plaintiff's claim for failing to adequately represent the Plaintiff was filed outside the six months limitation period for hybrid claims under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and is therefore barred by the statute of limitations.

5.   In support of its motion to dismiss, Local 152 has attached several exhibits including the union's notification letter to Plaintiff dated April 7, 2010, informing him that the union would not proceed to arbitration (Def.'s Ex. B) and Plaintiff's counsel's letter to the union dated June 21, 2010, urging the union to do everything in its power to get the Plaintiff's job back (Def.'s Ex. C.).   These documents and their corresponding dates are not mentioned or referenced anywhere in the complaint.

6.   Rule 12(b) does not specifically permit a limitations defense to be raised by motion.   However, the Third Circuit "permits a limitations defense to be raised by motion under Fed. R. Civ. P. 12(b)(6), but only if the time alleged in the statement of the claim shows that the cause of action has not been brought within the statute of limitations."   Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002).   "If the bar is not

apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." <u>Id.</u> (quoting <u>Bethel v. Jendoco Constr. Corp.</u>, 570 F.2d 1168, 1174 (3d Cir. 1978)).

7.  It is clear that Defendant Local 152 relies on material outside the four corners of the pleading in support of its motion to dismiss and that the limitations bar is not apparent on the face of the complaint.  Therefore, Defendant Local 152's limitations defense is an inappropriate basis for a 12(b)(6) dismissal motion.  Rather, Defendant Local 152's limitations defense should be asserted in its answer as an affirmative defense pursuant to Fed. R. Civ. P. 8(c), and may be raised by summary judgment motion if desired under Fed. R. Civ. P. 56.

8.  Accordingly, Defendant Local 152's motion to dismiss will be denied without prejudice.  The accompanying Order will be entered.


**April 13, 2012**                  **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                  Chief U.S. District Judge


4