```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| THOMAS TREUSCH, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 11-4874 (JBS/JS) |
| v. | |
| CENTER SQUARE SUPERMARKET, LLC, and UNITED FOODS & COMMERCIAL WORKERS UNION, LOCAL 152, | **OPINION** |
| Defendants. | |

APPEARANCES:

George R. Szymanski, Esq.
LAW OFFICES OF GEORGE R. SZYMANSKI
1370 Chews Landing Road
Laurel Springs, NJ 08021
    Attorney for Plaintiff Thomas Treusch

Thomas J. Bradley, Esq.
MCBREEN & KOPKO
Eight Penn Center, Suite 1400
1628 John F. Kennedy Boulevard
Philadelphia, PA 19103
    Attorney for Defendant Center Square Supermarket, LLC

Steven J. Bushinsky, Esq.
O'BRIEN, BELLAND & BUSHINSKY, LLC
1526 Haddonfield-Berlin Road
Cherry Hill, NJ 08003
    Attorney for Defendant United Foods & Commercial Workers
    Union, Local 152

**SIMANDLE**, Chief Judge:

**I. INTRODUCTION**

    This matter is before the Court on Plaintiff Thomas Treusch's motion for reconsideration [Docket Item 53] of this

Court's January 31, 2013 Opinion and Order [Docket Items 51 and 52] granting Defendant Center Square Supermarket and Defendant United Foods and Commercial Workers Union, Local 152's motions for summary judgment and dismissing Plaintiff's case with prejudice.  Plaintiff seeks leave to file an amended complaint against the Defendants alleging age and race discrimination under the NJLAD.  In addition, Plaintiff asks the court to reconsider its opinion and deny Defendants' motions for summary judgment.  Defendants filed opposition to Plaintiff's motion.

For the reasons discussed below, the court will deny Plaintiff's motion for reconsideration and for leave to amend his complaint post-judgment.

**II.  BACKGROUND**

The factual background of this case is discussed in this Court's January 31, 2013 Opinion [Docket Item 51] and is incorporated herein.

This action arises out of the Plaintiff's discharge from employment by Defendant Center Square.  The Plaintiff maintained in his complaint that he was falsely accused of sexual harassment and thereby wrongfully terminated.  Specifically, the Plaintiff alleged "[a] significant contributing factor to the decision to discharge the plaintiff from employment was the male gender of the plaintiff. This violated the New Jersey Law Against Discrimination."  [Docket Item 1-4 ¶ 11.]  The Plaintiff also

2

maintained that Defendant Local 152 failed to adequately represent him and arbitrate his grievance.  Consequently, the Plaintiff filed the instant suit alleging breach of contract, breach of fiduciary duty and gender discrimination in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. ("NJLAD"), against the Defendants.

The Defendants then moved for summary judgment arguing that the Plaintiff's complaint for breach of contract and breach of fiduciary duty was time barred and that the Plaintiff failed to adduce sufficient evidence to establish a prima facie case of reverse gender discrimination. [Docket Items 23 and 28.]

The court granted both motions for summary judgment and dismissed all of the Plaintiff's claims with prejudice.  The court concluded that the Plaintiff's claims for breach of contract and breach of fiduciary duty arose under Section 301 of the National Labor Relations Act and were therefore subject to a six-month limitations period.  Since the Plaintiff's complaint was filed more than six months after his final appeal to the Union was denied, his claims for breach of contract and breach of fiduciary duty against Center Square and the Union were time barred.  As for the Plaintiff's NJLAD claim, the court found the Plaintiff did not put forth sufficient evidence to establish his prima facie case for reverse gender discrimination against Center Square or Local 152 and therefore no rational jury would find

that the Plaintiff was discriminated against in violation of the NJLAD.

The court also noted in a footnote to the NJLAD analysis that the Plaintiff had attempted to assert claims for age discrimination and race discrimination in his opposition brief. The court explained that these additional claims were beyond the Plaintiff's complaint and improperly raised by the Plaintiff in his opposition brief. Specifically, the Court stated:

> To the extent Plaintiff argues he was also discriminated against because of his age (53) and ethnicity (European American), the court rejects these arguments because the Plaintiff has failed to plead age discrimination or racial discrimination in his complaint.  These claims have arisen for the first time in Plaintiff's opposition to summary judgment and Center Square had no notice of these arguments.  The Plaintiff has not filed a motion to amend his complaint to pursue these claims.  Moreover, Plaintiff's opposition fails to set forth sufficient record evidence to establish these claims. Accordingly, the court will disregard Plaintiff's belated attempts to expand his complaint and will not address the merits of Plaintiff's arguments regarding age discrimination and racial discrimination under the NJLAD.

[Docket Item 51, January 31, 2013 Opinion at 34 n.2.]

After granting the Defendants' motions for summary judgment, the Plaintiff filed the instant motion for reconsideration. [Docket Item 53.]  The Plaintiff seeks an order reconsidering the court's decision to grant Defendants' motion for summary judgment and requests an order allowing Plaintiff to amend his complaint post-judgment in order to include allegations of age and race discrimination in violation of the NJLAD.

Both Defendant Center Square and Defendant Local 152 oppose this motion. [Docket Items 54 and 55.]  Both Defendants argue that the Plaintiff has failed to present any grounds for relief entitling him to reconsideration of this court's decision.  The Defendants contend that the Plaintiff has presented no new evidence, no intervening change in the law and no dispositive factual matters or controlling decisions which were overlooked by the court.  In addition, Defendants argue that the Plaintiff should not be allowed to amend his complaint at this late date.  Defendants maintain that the Plaintiff unduly delayed in seeking to amend his complaint, they would be greatly prejudiced by this amendment and Plaintiff's new discrimination claims would be futile as they are barred by the statute of limitations and do not relate back to Plaintiff's original complaint.[1]

---

[1] Plaintiff filed a reply in support of his motion for reconsideration.  Defendant Center Square filed a letter request seeking to strike this reply from the docket because it was filed without permission of the court in violation of L. Civ. R. 7.1(d)(3).  [Docket Item 57.]  The Plaintiff did not respond to Plaintiff's letter request or seek permission to file the reply *nunc pro tunc*.

Motions to alter or amend a judgment pursuant to Rule 59(e) are governed in this District by L. Civ. R. 7.1(i).  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999)(discussing the predecessor L. Civ. R. 7.1(g)).  L. Civ. R. 7.1(d)(3) prohibits a party from filing reply papers in support of a motion for reconsideration under L. Civ. R. 7.1(i) without first obtaining leave of court.  The Plaintiff did not get permission of the court to file his reply and did not seek to get permission after he was made aware of his omission.  Therefore, the court finds that the Plaintiff does not object to the court striking his reply from the docket and accordingly, the court will not consider Plaintiff's reply in analyzing this motion.

## III. DISCUSSION

Plaintiff moves for two different forms of relief.  First, Plaintiff seeks reconsideration of this court's January 31, 2013 Opinion and Order granting summary judgment in favor of the Defendants.  Second, Plaintiff seeks to amend his complaint to include claims against the Defendants under the NJLAD for race and age discrimination.  The court will address each issue separately below.

### A. Plaintiff's Motion for Reconsideration

A motion for reconsideration of a final judgment under Rule 59(e) is governed in this District by Local Civil Rule 7.1(i).  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999)(discussing the predecessor L. Civ. R. 7.1(g)).  Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision.  L. Civ. R. 7.1(i).  To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also Tehan v. Disability Management Services, Inc., 111 F. Supp. 2d 542, 549 (D.N.J. 2000).  To

6

prevail under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal quotations and citations omitted). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. United States v. Jones, 158 F.R.D. 309, 314 (D.N.J.1994); Maldonado v. Lucca, 636 F. Supp. 621, 629 (D.N.J. 1986).

In this case, Plaintiff Treusch has presented no basis for reconsideration of this Court's decision. Plaintiff has put forth no new evidence, there has been no intervening change in the law and the Plaintiff has not shown that dispositive factual matters or controlling decisions of law were brought to the court's attention and not considered. Indeed, the Plaintiff does not even include a discussion of the standard for reconsideration in his brief and focuses his entire argument on his motion to amend.

Accordingly, the court will deny Plaintiff's motion for reconsideration.

**B. Plaintiff's Motion to Amend pursuant to Rule 59(e)**

Once final judgment has been entered, as in this case, Rule 15 is no longer an appropriate means to amend a complaint and "a party may seek to amend the complaint (and thereby disturb the judgment)

7

only through Federal Rules of Civil Procedure 59(e) and 60(b)." Burtch v. Milberg Factors, Inc., 662 F.3d 212, 230 (3d Cir. 2011). The Plaintiff filed this motion within 28 days of the court's order dismissing the case and therefore Plaintiff's motion is timely under Rule 59(e). The Third Circuit had suggested in 2004 that a "timely motion to amend judgment is filed under Rule 59(e), the Rule 15 [motion for leave to amend] and 59 [motion to amend judgment] inquiries turn on the same factors." In re Adams Golf, Inc. Secs. Litig., 381 F.3d 267, 280 (3d Cir. 2004).

The Court of Appeals clarified this standard for post-judgment motions to amend in 2012, stating that "the liberality of Rule 15(a) is no longer applicable once judgment has been entered because Rule 15(a) and 59(e) should not be employed in a manner contrary to favoring finality of judgments and the expeditious termination of litigation . . . . that would render those provisions meaningless." Burtch, 662 F.3d at 231 (citations omitted).

In this case, Plaintiff's request for leave to amend the complaint will be denied on several grounds. First, Plaintiff has filed his motion to amend almost one year after the deadline for doing so, which was February 1, 2012, as established in the Scheduling Order entered October 26, 2011 [Docket Item 11]. Plaintiff has not attempted to show good cause under Rule

16(b)(4) to amend this scheduling order deadline.[2]

Second, Plaintiff's delay in seeking to amend his complaint is undue.  The Plaintiff here seeks to amend his complaint only after summary judgment was entered against him and the interests in judicial economy and finality of judgment are heightened. Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001).  The evidence Plaintiff relies on to support his new age discrimination and race discrimination claims are the same depositions Plaintiff used to argue his gender discrimination claim.  These depositions were completed prior to the end of factual discovery.  This evidence was known to the Plaintiff and the Plaintiff had an opportunity to seek to amend his complaint before discovery ended.  Rather than filing a timely motion to amend, the Plaintiff sought to improperly inject these claims for the first time in his opposition to summary judgment.

"[T]he question of undue delay requires that [the court] focus on the movant's reasons for not amending sooner." Id.  The Plaintiff offers no explanation for this delay.  Without disclosing the reasons for not amending sooner, the court cannot speculate on the justification, if any, for Plaintiff's actions. This further supports the court's conclusion that Plaintiff's

---

[2] An Amended Scheduling Order was later entered on June 26, 2012 [Docket Item 22] which extended the dates for concluding discovery (July 31, 2012) and for filing dispositive motions (August 31, 2012) but did not change the deadline for motions to amend pleadings, which had passed on February 1, 2012.

delay was undue and his request for leave to amend should be denied.

In addition to undue delay, the Defendants would be substantially prejudiced if Plaintiff were permitted to amend his complaint at this late juncture. The Defendants would need to incur "additional discovery, cost and preparation to defend against" Plaintiff's new legal theories. Id. The Defendants would need to redo discovery which was already completed to address whether Plaintiff's age or race factored into the decision to terminate him. The Defendants properly and understandably focused their defense on Plaintiff's allegation of gender discrimination and conducted their discovery to defend against this singular and precise discrimination claim. By permitting Plaintiff to amend after the Defendants have successfully won summary judgment, the Defendants would need to relitigate this entire case again in order to defend against these two entirely new theories of discrimination. This amount of prejudice is substantial and undue, especially considering the Plaintiff could have sought to amend his complaint in an orderly fashion many months ago, prior to the close of factual discovery and before the filing of dispositive motions. Further, if Plaintiff believed he was the victim of age or racial discrimination, he could have easily pled as much in his Complaint.

Finally, the values of expeditious termination of litigation and the finality of judgments would be "rendered meaningless," Burtch, 662 F.3d at 231, if this case were reopened for new claims after issues were joined, the battle was fought, and the case was adjudicated.

Therefore, Plaintiff's motion for leave to amend his complaint post-judgment will be denied.  The Plaintiff's delay in seeking to amend his complaint was undue and the Plaintiff has offered no explanation for his failure to amend his complaint sooner.  Further, the Defendants would be substantially and unduly prejudiced if the Plaintiff were allowed to amend his complaint post-judgment to add two new legal theories which would require Defendants to incur additional cost, conduct more discovery and in essence, relitigate the case for a second time, disregarding the finality of the adjudication.

Accordingly, Plaintiff's motion to amend pursuant to Rule 59(e) will be denied.

## IV. CONCLUSION

For the reasons discussed herein, Plaintiff's motion for reconsideration and for leave to amend his complaint post-judgment will be denied.  The accompanying Order will be entered.

**April 5, 2013**                  **s/ Jerome B. Simandle**
Date                               JEROME B. SIMANDLE
                                   Chief U.S. District Judge

11